Okay, so before we get going, two questions to the Richards-Remsen side of the room. One, have you guys decided how you want to divide the time for the appellant's presentation? You have a total of 15 minutes. You can divide it any way you like. Ms. Richards, have you decided that? Ms. Richards Yes, Mr. Remsen is going to go first. Mr. Remsen Okay. Ms. Richards And then I'm going to go second, and then I'm going to reserve three minutes for rebuttal and I suppose questions. Mr. Remsen Okay. Well, let me ask you this. Do you have an agreement between the two of you as to how much time Mr. Remsen will take, or he'll just take all the time he wants and whatever's left of that 12 minutes is yours? Ms. Richards Well, I think he timed his statement to seven and a half minutes. Mr. Remsen All right, so at four and a half minutes, we should give him a high sign, right? Ms. Richards Yes. Mr. Remsen Okay. All right, and you're reserving three, so that leaves us 12, so I think my math is right there, right? Ms. Richards Yes. Mr. Remsen All right, very good. Okay, Mr. Remsen, you have the floor. Mr. Remsen The order says that we have 15 minutes, so I got seven and a half. Is that right? Mr. Remsen Well, you've got 15 total. She's reserving three. Mr. Remsen So I got seven and a half of that. Mr. Remsen Have at it. Mr. Remsen Okay. You'd say go. Mr. Remsen I have. Okay. With all due respect, and notwithstanding the bankruptcy subcontract trustee's objections, I'm adopting in these oral arguments all the issues raised in the opening brief and the reply brief, and I'm positing that this case is really about three issues. The first issue is the right of contract, the second one is structural errors, and the third one is subject matter jurisdiction. And taking the above issues in turn, beginning with the personal contract between myself and my daughter, that contract was recreated against my daughter's interest in the real property located at 351 Catalina Drive in Newport Beach, and a list pendants was filed against the property so as to protect that contract. Mr. Remsen Can I interrupt? Because the list pendants is made much of, but the list pendants was a notice of the divorce proceeding. And generally, my understanding is this pendants is given to place, you know, the world on notice of an interest in the real property. Mr. Remsen I'm sorry, but Mr. Remsen Go ahead. Mr. Remsen I disagree. And my intent was for the list pendant was to go ahead and put a protection on the contract. Mr. Remsen When you say protection, though, can you define that? I mean, when you say protection, are you meaning a lien? Mr. Remsen Yes, because the contract that I had with my daughter was that she had once she had clear title to the property, that property would go into a trust for my grandchildren. Mr. Remsen But sir, again, I apologize. It is a little more complicated when it's telephonic for me to interrupt. But so when you say when she had clear title, back that up a little bit, because my understanding is she had a community interest. Mr. Remsen But they had a no, no, there was no community interest because she had already made a prior agreement with her ex spouse that she would own the entire property for consideration. Mr. Remsen They made payments within a certain amount of time, which did not happen. Mr. Remsen Well, yeah, but that was irrelevant because of the fact that her ex spouse interfered with that contract so that it couldn't be perfected. And those interferences were noted on the record, refusing to pay child support, destroying her credit, withholding $115,000 worth of community income to try and starve her out, you know, things like that. And that's on the record. But anyway, that's why I had the less penance on the was to protect the contract. In any event, the record reflects, and I'm claiming that the bankruptcy lacks subject matter jurisdiction over the real property, because the property's disposition disposition was protected by that contract. And any claim against a contract such as lien stripping by the bankruptcy court subcontract was made without jurisdiction to attack the equity for personal gain from the proceedings of an invalid sale. And I objected to the sale. This, I claim not only interferes with my First Amendment rights and violates the law contracts, but it also violated the state and federal constitution right to due process and equal protection of law, which had been accomplished without a hearing and before the deprivation occurred. And I was using for entries versus 7407 us 67 1972. And Senate dash versus Family Finance Corporation 395 us 337 1969. As a basis to show that the right of the hearing was before the deprivation, not afterwards. And the other and then I was using Bates and company versus Walsh to 66 us 112 1912 as a personal contract and its relationship to the ownership interest. And the specific performance is the basis for the contract dispute, which must be decided before the sale by a federal Article three court and an adverse adversary proceeding. Furthermore, I'm claiming that any lien stripping done by the strong arm tactics of the bankruptcy court trustee subcontractors disease was for personal their personal gain, and has been done without jurisdiction and in violation of the law contracts as well as the 14th Amendment to the United States Constitution. And I'm relying on our bar versus Y and H 456 us 500 to 506 2006, which held the question of jurisdiction is raised, it must be decided before any other matters. And this was not done in this case. Although the jurisdictional question was raised before the sale by me on October 19 2021, and filed on October 26 2021. That's my motion objecting to the sale based on contract law. And I'm relying on McCready versus white for 17 f 3d 700 702 seventh circuit 2005 on that argument. And then as shown by the appellant's brief, the matter of the bankruptcy court subject matter jurisdiction over the real property was timely brought before that court on October 19 2021, which they filed on October 26 2021. In the main case number 821 BK 10 635. Yes. However, I was denied my day in to the structural error that occurred in the state family law court that caused my daughter to go unrepresented throughout this case in violation of state law, public policy in the 14th Amendment, the United States Constitution, and three, whether or not the real property at issue could be considered property, the bankruptcy, when there was a barner stay in the state court, and the division of the property was on appeal in the state court. For example, once a structural error occurred in the state and Alicia was prevented from being represented in violation of state law, and the due process and equal protection clause of the 14th Amendment, the law of the case prevented her from taking the real property into the bankruptcy court without violating the law contracts, which held the real property was to go into the Remsen family trust for the benefit of his grandchildren. And that's in our joint reply brief on pages 1819 and 42. And the citations there on. Next, I said, because my minutes are running out, I asked this court to take judicial notice of the shift in the burden that occurred on October 19, 2021, when I raised the jurisdictional bar to further proceedings until the jurisdictional listeners were fairly litigated. And I relied on 505 F2D 1026 1974 against the basically holding that once jurisdiction is challenged, the court can't proceed when it clearly appears that the court lacks jurisdiction, which it did. And the court has over the property. Anyway, the court had no authority to reach the merits, but rather should dismiss the action. And I relied on 474 F2D 215 1973, which said once jurisdiction has raised the burden shifts to the court to prove jurisdiction, which they did not do. And then I relied on Rosemead versus Lambert, which is 469 F2D 416 Fifth Circuit 1972. In other words, this case shows that the court failed to meet the burden of all the facts presented that relate to the jurisdictional questions presented 102 F2D 18 1939. And I said, furthermore, as shown by the United States Supreme Court precedent and ABBA versus why a supra, the defense of lack of jurisdiction over subject matter may be raised at any time, even on appeal. And I relied on 495 F2D 906 910 1974 and 478. So second 369 Florida 1985. Let me let me just let you know you're about a minute into your daughter's time. So do whatever you like. I'm in her hair and her time. Oh, I'll hurry up. Lastly, I respectfully request this court to take judicial notice of Maine versus Thurbo, which is 448 U.S. 1 1980, holding that when the state official fails to enforce state law, it becomes a federal civil rights question that can be brought up in federal court a bit. That is exactly what has happened here. And there has been no equity in this case for the trustees to go after. Had there been no equity in this case for the trustees go after this case would never have gone past the first week before the debtor was discharged. Therefore, petitioners asking for reversal and for these claims raised in this matter be litigated in Article three court, because in this country, no one should be forced to lose their property in this way. So as to enrich those in a court proceeding that that the person sought protection from. Thank you very much for your time. Yes, I'd like to bring up a few things that I think are important. First of all, the appellee brings up the fact that we did not identify the sale order, which we did, I think, eight different times in our briefs and in one brief. And then again, in the second brief under PDF 26. I'm not sure why he did that. But I just don't want our appeal to get dismissed on a technicality like that. Also, I wanted to address the standards under 363 B, which specifically states it can only sell a state property. And since the court never made a determination that the property was a state property, there was never no hearing that was held that it was a state property, especially when there's an ongoing proceeding in the family law court over the title dispute, and it's still pending. We have had a motion pending to enforce the settlement agreement that my ex-husband had breached. And then, of course, the judgment that I had filed a motion to vacate back on February 7, 2018, that got stayed, continued, restored, and then just dismissed. And then I filed an appeal on August 11, 2018, and waiting for a remand back, which is on appeal, which has the property in it in that judgment. And based on Civil Code of Procedure 916, there's an automatic stay. Also, I wanted to bring up the fact that in the case Adeli v. Barclay, it specifically addresses, that's a Ninth Circuit case, that the requirements for a stay pending appeal only applies to purchases of a state property. So, if it's not property of the estate, then 363M would not apply, and neither would 363B. So, I mean, there's no statute that allows the trustee to sell non-estate property, and there was no adversary proceeding to determine the interest of property. The court, when we had the sale hearing, the way it went down is the court... Just so you know, you're about 30 seconds into the three minutes you wanted to reserve. But you can use them any way you like, ma'am. It's up to you. Okay. No, I would like to reserve my minutes on rebuttal, because I think we did a pretty good job on our briefs. Okay. Thank you. Very good. Okay, Mr. Hayes, you have the virtual floor. Thank you, your honors, and may it please the court, Ed Hayes of Marshack Hayes on behalf of the trustee, the appellee in this case. As set forth in our brief, the standard of review is an abuse of discretion, and what this panel must determine is if the bankruptcy court identified the correct legal rule and was the bankruptcy court's application of that rule illogical, implausible, or without support. Much is made of there being some alleged structural error from the debtor not having family law counsel, but there is no right of counsel in a civil family law proceeding, and the debtor did have multiple attorneys at various different times in that family law case. That is not some sort of a magic date by which everything else that happened thereafter becomes void and of no force or effect. Next, a big argument is made that the bankruptcy court lacked subject matter or other jurisdiction over the property. That is clearly not the case here. The debtor admitted in her schedules, multiple different sets of schedules under penalty of perjury, that she had an interest in the property, and the debtor also listed her father's alleged claim as an unsecured claim in her schedules, not a secured claim, and there is no dispute in the record the title on the petition date to this residence was held in the name of the debtor and her former spouse as joint tenants. We know from the Brace case that joint tenancy means property. There was never a judgment entered by the family law court that divided the property, and the debtor wants to argue that the stipulation somehow made this property her separate property, but as the panel noted, the debtor breached the stipulation and did not timely pay her former spouse, but even if that somehow did divide the property such that it became her 100% separate property, it would still be property of the bankruptcy estate. So whether it's community property or separate property, there is no doubt that the property was property of the bankruptcy estate. In the family law judgment, there was a provision for reservation of jurisdictions such that the family law court would have the ability to continue to preside over any disputes dealing with the property. Such a reservation does not deprive the bankruptcy court of jurisdiction once the debtor voluntarily files bankruptcy, and under 28 U.S.C. 1334, the bankruptcy court has exclusive jurisdiction over property of the bankruptcy estate. The debtor's cite to the Keller case, but that's obviously distinguishable because that sale and that division did occur prior to bankruptcy, or if the debtor was correct, which no state court or family court, I should say, or bankruptcy court has ever agreed with, her separate property would still be property of the bankruptcy estate. Next, Mr. Remsen alleges that he has some sort of an alleged secured contract claim and that his rights were violated, but the first two proofs of claim that Mr. Remsen filed in the bankruptcy case were unsecured claims. He was not asserting an ownership interest in the property. He was not asserting a lien on the property. It was not until after the trustee filed the sale motion and Mr. Remsen filed his late opposition that he then a couple days later filed an amended claim asserting that his rights were as a secured creditor, but the record was any document recorded with the county recorder that would perfect this alleged interest in the property. And Mr. Remsen was not the party to record the Liz pendants. It was recorded by the debtor in connection with the divorce proceeding to which Mr. Remsen was not a party and there was not any litigation pending in the divorce over this alleged secured contract claim. When you look at Mr. Remsen's claim, the basis of the claim is that he was a beneficiary of the Kane family trust and that Mr. Remsen disclaimed his interest in the Kane family trust so that his daughter Alicia would receive the benefits that would have otherwise been paid to him. And he says it was his intent that she used the benefits she received from this inheritance for the purpose of preserving the property and keeping it in the family. But that in and of itself does not create an interest in title and that does not create a lien. And recently the bankruptcy court sustained the trustee's objection and actually found that Mr. Remsen does not have a secured claim and Mr. Remsen does not have an unsecured claim that Mr. Remsen received nothing as a result of the disclaimer in essence it was a gift to his children. So the bankruptcy court has already disposed of the matter that Mr. Remsen has any interest here. The debtor also argues in her brief that she had recorded an abstract of a family law judgment but to the extent that the debtor had a lien against her own property that wasn't merged into title that became property of the bankruptcy estate because as the panel knows a support award is not exempt from property of the estate and the trustee would receive the benefits of that abstract in any event. The family law court later entered an order that struck that the recording of that abstract so that abstracts already been disallowed by the family law courts in any event. So the bankruptcy court is dealing with a motion to sell real property that constitutes property of the bankruptcy estate. The federal bankruptcy code allows for property to be sold free and clear of any alleged interest. If any one of five categories are met Mr. Remsen's alleged interest was obviously subject to bona fide dispute because his claimed interest was not subject to any recorded document and under 544 a3 the trustee's rights as a hypothetical bona fide purchaser are superior and can avoid any such alleged interest. The bankruptcy court has since found that the alleged contract did not create any interest in the property in any event and has disallowed Mr. Remsen's claim. The abstract of support judgment was property of the bankruptcy estate so the trustee was obviously consenting to the sale. Moreover the sales price was in excess of all liens against the property which provided an additional basis upon which the court could sell free and clear. So the bankruptcy court properly identified the legal rule and properly applied the legal rule in entering the order authorizing the sale free and clear of these alleged interests. Mr. Remsen also argues that he was denied due process because he did not receive notice. The trustee's notice of the sale motion was served on Mr. Remsen at three different addresses including the one on his most recently filed proof of claim so that is proper notice. He did admit in his objection filed with the bankruptcy court that his daughter told him about the sale hearing and he did file an opposition but failed to appear at the hearing which we argue also constitutes waiver or forfeiture and in the end all of these arguments are meritless and the bankruptcy court properly authorized the trustee to sell property of the estate free and clear with the alleged interest to attach to the sales proceeds. The bankruptcy also notes in closing and it looks like I'll finish sooner than my time unless the court asks questions if the debtor is saying this was never property of the estate or that this was her father's property the bankruptcy court did authorize the trustee to pay one half of the claimed homestead exemption to the debtor from the sales proceeds and she did accept that money and then also separately filed a motion to try to get the other half of that money. The bankruptcy court abstained from deciding that issue so that it could be decided by the state court and the family law court has since determined that the other half of the homestead money should be paid to Mr. Ryle Richards because the family law judgment provided for a sale of the property with the former spouses to equally split the sales proceeds and the homestead was obviously the sales proceeds and the trustee has now paid Mr. Richards his one half of the homestead money. In the end all of this appeal and the separate appeal by Mr. Remsen raises meritless arguments and the panel should affirm the bankruptcy court and unless there's any questions of me I have nothing further. I do not have any. Judge Spraker? No others, thank you. Judge Gann? I don't either have any other questions, thank you. Okay, thank you very much. Thank you. Okay. My turn? Yeah, let's see how much time we got here. One sec. Two minutes, right? A little more, two twelve, okay? Okay, first of all I object to everything Mr. Hayes said outside the record. The family law court just went and issued an order without jurisdiction while the issue was pending in the bankruptcy court totally without complete subject matter jurisdiction and the order is void ab initio. The right to counsel under 2030 family law code 2030 and Haywood versus Younger says that a statute that gives a right like an attorney which it specifically does in family law court that I am supposed to be put back exactly to the place when the violation occurred because the family law court failed to follow procedural due process as far as judicial proceedings. There was no determination of judicial admission and not only that I amended my schedules and unchecked the box which was I didn't even realize was checked. I've been claiming the same thing throughout the whole proceedings. The state court also my dad's claim 10.4 has not been determined and that is a falsity by Mr. Hayes. What they did is they went and made a ruling on 10.1 which was amended. So there has been no determination as far as my abstract of support judgment. I had two of those and the state court is statutorily barred from voiding a vested child support interest with interest in penalties in addition to the trustee abandon all my claims. So those get paid directly to me if it was determined that the property was my property and not property of the Remson family trust. As far as the other things that there was no property. There's been no determination of community property. There's been no findings. The settlement agreement speaks for itself and you can't use the judgment that came after that I didn't sign. The stipulated judgment specifically says on the very top of the page the property is as follows and because Mr. Richards reached the settlement agreement that is why it wasn't perfected. Not for any other reason and that was the first agreement. He made a second agreement and there's a two breaches of contract by Mr. Richards. The intent of the parties was specifically that the property was going to be divided otherwise I wouldn't have given up $268,000 and it would be totally unfair. Okay, Ms. Richards, you're about a minute over your time so we're going to. I'm sorry. No, that's okay. I think we heard you. Okay, thank you, your honor. Thank you very much. Thank you everybody for your impassioned arguments and the matter is under submission. We'll do our best to get your written decision as soon as we can. Thank you. Thank you very much. Thank you. Okay. Thank you very much. You bet. Let's call the next matter.
judges: LAFFERTY, SPRAKER, GAN